## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KICKAPOO RUN, LLC,** | |
| **Plaintiff,** | |
| v. | |
| **ATHENAHEALTH, INC.,** | **Civil Action No. _____** |
| **CREDIBLE WIRELESS, INC.,** | |
| **DEFRAN SYSTEMS, INC.,** | **JURY TRIAL DEMANDED** |
| **ICANOTES, LLC,** | |
| **MATHMEDICS, INC.,** | |
| **MDLAND INTERNATIONAL CORP.,** | |
| **NETSMART TECHNOLOGIES, INC.,** | |
| **PSYTECH SOLUTIONS, INC.,** | |
| **QUALIFACTS SYTEMS, INC.,** | |
| **WEBMD HEALTH CORP., AND** | |
| **WEBMD LLC,** | |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kickapoo Run, LLC ("Plaintiff"), by and through its undersigned counsel, files

this Complaint against Athenahealth, Inc., Credible Wireless, Inc., Defran Systems, Inc.,

ICANotes Limited Liability Company, Mathmedics, Inc., MDLand International Corporation,

Netsmart Technologies, Inc., Psytech Solutions, Inc., Qualifacts Systems, Inc., WedMD Health

Corp., and WebMD LLC (each individually, a "Defendant," and collectively the "Defendants")

as follows.

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendants' infringement of

Plaintiff's United States Patent No. 5,961,332 (the "'332 patent") entitled "Apparatus for

Processing Psychological Data and Method of Use Thereof," attached as Exhibit A.

## PARTIES

2.      Plaintiff is a Florida limited liability company having a principal place of business at 3015 N. Ocean Boulevard, #6H, Ft. Lauderdale, FL 33308.

3.      On information and belief, Defendant Athenahealth, Inc. ("Athena") is a Delaware corporation with its principal place of business at 311 Arsenal St., Watertown, MA 02472.   Athena has appointed Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808, as its agent for service of process.

4.      On information and belief, Defendant Credible Wireless, Inc. ("Credible") is a Delaware corporation with its principal place of business at 4424 Montgomery Ave., Ste. 304, MD 20814.   Credible has appointed Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808, as its agent for service of process.

5.      On information and belief, Defendant Defran Systems, Inc. ("Defran") is a New York corporation with its principal place of business at 208 Thompson St., New York, NY 10012.   On information and belief, this Defendant may be served at 208 Thompson St., New York, NY 10012, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

6.      On information and belief, Defendant ICANotes Limited Liability Company ("ICANotes") is a New Jersey corporation with its principal place of business at 10 Morningstar Ln., Asbury, NJ 08802.   ICANotes has appointed Ira Morganstern, 10 Morningstar Ln., Asbury, NJ 08802, as its agent for service of process.

7.      On information and belief, Defendant Mathemedics, Inc. ("Mathemedics") is a Pennsylvania corporation with its principal place of business at 923 Winding Ln., Media, PA 19063.   On information and belief, this Defendant may be served at 7315 Granite Rd., Melrose

ME1 12274587v.1

Park, PA 19126, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

8.     On information and belief, Defendant MDLand International Corporation ("MDLand") is a Delaware corporation with its principal place of business at 15 East 32nd St., Second Floor, New York, NY 10016.  MDLand has appointed United Corporate Service, Inc., 874 Walker Rd., Ste. C, Dover, DE 19904, as its agent for service of process.

9.     On information and belief, Defendant Netsmart Technologies, Inc. ("Netsmart") is a Delaware corporation with its principal place of business at 3500 Sunset Highway, Ste. D122, Great River, NY 11739.  Netsmart has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

10.     On information and belief, Defendant Psytech Solutions, Inc. ("Psytech") is a Pennsylvania corporation with its principal place of business at 1138 Stone Creek Drive, Hummelstown, PA 17036. On information and belief, this Defendant may be served at 1138 Stone Creek Drive, Hummelstown, PA 17036, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

11.     On information and belief, Defendant Qualifacts Systems, Inc. ("Qualifacts") is a Delaware corporation with its principal place of business at 200 2nd Ave., South Nashville, TN 37201.   Qualifacts has appointed Chris Sloan, 1600 Division St., Ste. 700, POB 340025, Nashville, TN 37203-0025, as its agent for service of process.

12.     On information and belief, Defendant WebMD Health Corp. ("WebMD Health") is a Delaware corporation with its principal place of business at 111 Eighth Ave., New York, NY 10011.  WebMD Health has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

ME1 12274587v.1

13.     On information and belief, Defendant WebMD LLC ("WebMD") is a subsidiary of WebMD Health and a Delaware corporation with its principal place of business at 111 Eighth Ave., New York, NY 10011.  WebMD has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  On information and belief, each of the defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

16.     On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,961,332

17.     Plaintiff is the owner by assignment of the '332 patent, issued on October 5, 1999.  A true and correct copy of the '332 patent is included as Exhibit A.

18.     Upon information and belief, Defendant Athenahealth has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the

4

United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) athenaClinicals and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

19.     Upon information and belief, Defendant Credible has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) Credible Behavioral Health and/or Credible Mobile Module and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

20.     Upon information and belief, Defendant Defran has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) Defran Evolv-CS and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

21.     Upon information and belief, Defendant ICANotes has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) ICANote program and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

22.     Upon information and belief, Defendant Mathemedics has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) EasyDiagnosis.com and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

23.     Upon information and belief, Defendant MDLand has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) iClinic and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

24.     Upon information and belief, Defendant Netsmart has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) Avatar e-Prescribing and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

25.     Upon information and belief, Defendant Psytech has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) Epitomax and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or

6

more claims of the '332 patent to the injury of Plaintiff.

26.     Upon information and belief, Defendant Qualifacts has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) CareLogic Enterprise Edition and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

27.     Upon information and belief, Defendant WebMD Health has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) SymptomChecker and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

28.     Upon information and belief, Defendant WebMD has been and now is infringing the '332 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) SymptomChecker and associated hardware and software, which performs a method for remotely utilizing an apparatus for processing psychological data, covered by one or more claims of the '332 patent to the injury of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the court grant Plaintiff the following relief:

1.     A judgment, in favor of Plaintiff, that Defendants have infringed the '332 patent,

ME1 12274587v.1

and that such infringement was willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '332 patent;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '332 patent, as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by a jury of twelve on any issues so triable by right.

MCCARTER & ENGLISH

Dated: September 16, 2011

Michael P. Kelly (#2295)
David M. Silver (#4758)
Patrick A. Walker (#5242)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
pwalker@mccarter.com
*Attorneys for Plaintiff*

8

MEI 12274587v.1

*Of Counsel*

Hao Ni
Ni Law Firm, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Fax: (214) 880-2209
E-mail: hni@nilawfirm.com

Stevenson Moore V
Ni Law Firm, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: (214) 800-2212
Fax: (214) 880-2209
E-mail: smoore@nilawfirm.com

Timothy C. Davis
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL  35203
Telephone (205) 327-9115
Fax: (205) 326-3332
E-mail: tim@hgdlawfirm.com